**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **VICTOR CASTRO AND ZENAIDA** | § | |
| **CASTRO** | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO._____** |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **PALOMAR SPECIALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **RICHARD BARKKUME,** | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Palomar Specialty Insurance Company (hereinafter Palomar), in Cause No. CL-16-3151-A, pending in the County Court at Law No. 1 of Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

## I.  FACTUAL BACKGROUND

1.1     On or about August 10, 2016, Plaintiffs filed their Original Petition in the matter styled *Victor Castro and Zenaida Castro v. Palomar Specialty Insurance Company and Richard Barkkume*, Cause No. CL-16-3151-A, pending in the County Court at Law No. 1 of Hidalgo County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy.

1

1.2    Plaintiffs assert claims against Richard Barkkume, the adjuster assigned to Plaintiffs' claim.

1.3    Plaintiffs served Palomar with process and Plaintiffs' Original Petition on August 31, 2016.

1.4    Plaintiffs' Original Petition states that "[o]n or about March 26, 2015, a hail storm and/or windstorm . . . [caused] severe damage to . . . Plaintiffs' residence." *See* Pl.'s Original Pet. at ¶¶ 11.

1.5    The Plaintiffs filed a claim with Palomar "for the damage to their home caused by the hail storm and/or windstorm." *See id.* at ¶ 11.

1.6    The Index of Matters Being Filed is attached as Exhibit A to this notice of removal.  A copy of the Hidalgo County District Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders.  The Designation of Counsel is attached as Exhibit C.  The Consent to Removal is attached as Exhibit D.

## II.  <u>BASIS FOR REMOVAL</u>

2.1    Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332, 1441(a), and 1446.

2.2    At the time the lawsuit was filed, Plaintiffs were residents of the State of Texas.  *See* Pl.'s Original Pet. at ¶ 2.

2.3    Defendant Palomar is incorporated as an Oregon-domiciled insurance company, and has its principal place of business in California.  Accordingly, Palomar is not a citizen of Texas.

2.4     Defendant Richard Barkkume is a citizen of the State of Texas, but is not a proper party to this lawsuit.

**A.     Complete diversity exists between Plaintiffs and Palomar because Defendant Richard Barkkume has been improperly joined in this lawsuit.**

2.5     Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003) (*en banc*).  The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).  To determine whether the plaintiff can recover against the in-state defendant, the district court must analyze the plaintiff's petition under the robust federal rule 12(b)(6) standard and determine whether the plaintiff's petition states a claim.  *See Int'l Energy*, 818 F.3d at 207-08; *see also Smallwood*, 385 F.3d at 573; *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).

2.6     "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do."  *Elchehabi v. Chase Home Fin., LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug. 15, 2012) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555; *Guerrero Investments, LLC v. Am. States Ins. Co.*, No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013) (finding lack of a "factual fit" and, thus, improper joinder where "the sections setting forth Plaintiff's causes of action against the in-state defendant amounted to no more than conclusory recitations of the elements of the plaintiff's DTPA, Insurance Code, and conspiracy claims); *Xiang Fang v. Companion Commercial Ins. Co.*, No. 7:12-CV-324, 2013 WL 5214433, at *3 (S.D. Tex. Sept. 17, 2013) (same).

2.7     Here, Plaintiffs fail to offer any specific facts to support their claims against Defendant Richard Barkkume and has therefore failed to secure the required "factual fit between [their] allegations and the pleaded theory of recovery."  *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  In their Original Petition, Plaintiffs allege that Palomar issued a homeowner's policy to them covering their home in McAllen, Texas, and that their home suffered wind and/or hail damage as a result of a storm on March 26, 2015. *See* Pl.'s Original Pet. at ¶¶ 10-11.  Plaintiffs' singular allegation against Barkkume, alone, was that Barkkume "underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate."  *See id.* at ¶ 13.

2.8     Many of the allegations are solely directed at Palomar, including that Palomar (1) "wrongfully denied Plaintiffs' claim for repairs of the property," "underpaid some of Plaintiffs' claim," and "under-scop[ed] the damages during its investigation"; (2) continues to delay payment for the property damages; (3) "failed and refused to pay the full proceeds of the policy," despite "due demand" by Plaintiffs; (4) failed to timely acknowledge Plaintiffs' claim and begin an investigation once the claim was made; (5)

failed to accept or deny the full and entire claim once it received all required information; and (6) refused to pay Plaintiffs' claim in full with no basis upon which a reasonable insurance company could rely to deny full payment. *See id.* ¶¶ 15-17, 23-26.

2.9    The remainder of Plaintiffs' allegations are directed at both Palomar and Barkkume (referred to collectively as Defendants), including that Defendants (1) "set about to deny and/or underpay . . . covered damages"; (2) misrepresented that the damage was not covered; (3) failed to settle the claim in a fair manner; (4) failed to explain and/or communicate with Plaintiffs about the reasons full payment would not be made; (5) failed to timely communicate their decision to Plaintiffs; (6) failed to make a reasonable investigation of the property;  and (7) "knowingly or recklessly made false representations . . . as to materials facts and/or knowingly concealed all or part of material information from Plaintiffs." *See id.* ¶¶ 14, 18, 19, 20, 21, 22, 27.

2.10    Plaintiffs allege that Defendants' acts and omissions forced them to retain the services of the attorneys representing them. *See id.* at ¶ 28.  Plaintiffs' allegations against Barkkume do nothing more than track the statutory language of their Insurance Code causes of action; they are bare-bone, conclusory, and over-generalized boiler-plate allegations devoid of substantive facts. *See Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2-3 (S.D. Tex. July 29, 2016) (denying plaintiff's motion to remand, holding that the plaintiff's unspecific allegations against the defendant adjuster essentially amounted to legal conclusions and that allegations simply tracking statutory language were insufficient without any case-specific facts).

2.11    In connection with the foregoing allegations, Plaintiffs then make claims against both Defendants under the Texas Insurance Code, including claims for violations

of the Texas Insurance Code: Unfair Settlement Practices (TICUSP).  Plaintiffs allege that Defendants violated the TICUSP by committing unfair settlement practices such as: (1) misrepresenting material facts to Plaintiffs regarding their coverage; (2) failing to make a good-faith attempt to effectuate a prompt, fair, and equitable settlement; (3) failing to promptly provide Plaintiffs with a reasonable explanation of their settlement offer; (4) failing to affirm or deny coverage within a reasonable time or to submit a reservation of rights; and (5) refusing to pay Plaintiff without conducting a reasonable investigation.[1]  *See* Pl.'s Original Pet. at ¶¶ 32-36, 41-45.   Furthermore, Plaintiffs make claims against Defendants for Fraud and Conspiracy to Commit Fraud, including that (1) Defendants' knew their representations were "false or made recklessly without any knowledge of their truth as a positive assertion," and (2) Defendants' "object" was to "accomplish an unlawful purpose or a lawful purposed by unlawful means."  *See id.* at ¶¶ 52-55.

2.12    Merely repeating statutory language is not sufficient; a plaintiff must plead specific, actionable facts to which a statute should apply, and Plaintiffs have wholly failed to do so in this case.  *See Young v. Travelers Pers. Sec. Ins. Co.*, No. 4:16-CV-235, 2016 WL 4208566, at *4-5 (S.D. Tex. Aug. 10, 2016) (denying a plaintiff's motion to remand and dismissing an insurance-adjuster defendant where the plaintiff failed to state a claim against the adjuster by a "mere formulaic recital of the statutory elements"); *Lakewood Chiropractic Clinic,* No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster]

---

[1] Plaintiffs also makes claims against Palomar for breach of contract, violations of the Texas Insurance Code: Prompt Payment of Claims, and breach of the duty of good faith and fair dealing.

individually" does not provide a reasonable basis of recovery).[2]  Moreover, the alleged

Insurance Code violations asserted against Barkkume are entirely indistinguishable from

the Insurance Code violations alleged against Defendant Palomar.  *See* Pl.'s Original Pet.

at ¶¶ 29-34, 35-37.  Courts in the Southern District of Texas have held that when the claims

against an adjuster are identical to those against the insurer, they are insufficient to support

a claim against the adjuster.  *See Dalton v. State Farm Lloyds, Inc.*, No. H-12-3004, 2013

WL 3157532, at *7 (S.D. Tex. June 19, 2013); *see also Lopez v. United Prop. & Cas. Ins.

Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) ("While it is

true that Texas law may permit adjusters to be found individually liable for certain

violations of the Texas Insurance Code, for an adjuster to be held individually liable, they

have to have committed some act that is prohibited by the section, not just be connected to

an insurance company's denial of coverage." (internal citations omitted)).

2.13    In sum, none of Plaintiffs' allegations involve conduct specifically

attributable to Barkkume, and Plaintiffs' factual allegations are nothing more than

conclusory statements that lack the specificity necessary to state a claim.  *See Twombly*,

550 U.S. at 445.  The Plaintiffs' failure to allege any specific facts concerning Barkkume's

involvement means that Plaintiffs did not "'state enough facts to state a claim for relief that

---

[2] The Fifth Circuit and its District Courts routinely find that individual adjusters and agents are improperly joined where the plaintiffs' allegations against the adjuster are boilerplate and identical to the claims against the insurance carrier.  *See e.g., Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in Plaintiff's petition to support claim against agent); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations merely listing Insurance Code provisions and asserting that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08-CV-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding petition listing Insurance Code provisions that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims").

is plausible on its face.'" *See Int'l Energy*, 818 F.3d at 207-08 (quoting *Twombly*, 550 U.S. at 570).  And in the absence of such factual allegations, "'there is no reasonable basis for the district court to predict that [P]laintiff[s] might be able to recover against'" Barkkume. *See Int'l Energy*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d 646-47).  Barkkume is an improper party to this lawsuit and should be dismissed by the Court.

2.14   Because Palomar, a foreign defendant, is the only proper defendant in this action, there is complete diversity between the parties.  As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B.**   **The amount of damages prayed for by Plaintiff exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

2.15   Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiffs' complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.16   Here, Plaintiffs' claims are centered on the alleged failure to pay the full proceeds of Plaintiffs' policy, which payment Plaintiffs claim was necessary to make repairs to their property.  On August 10, 2016, Plaintiffs filed suit seeking monetary relief of $100,000 or less.  *See* Pl.'s Original Pet. at ¶¶ 5.  Plaintiffs' suit alleges five causes of action against Palomar, including breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud. *See id.* at ¶¶ 37-55.  In connection with their claims, Plaintiffs seek actual damages, treble

damages, mental anguish damages, exemplary damages, interest, and attorney's fees.  *See id.* at ¶¶ 57-64.  Although Plaintiffs do not specify a dollar amount, Plaintiffs' suit seeks $100,000 or less, and Plaintiffs' prayer includes treble damages, exemplary damages, interest, attorney's fees and costs that will undoubtedly increase the amount sought and meet the exceeding-$75,000 jurisdictional requirement for removal.

2.17    Because Plaintiffs have prayed for damages in excess of $75,000, this case may be properly removed to federal court.

### III.  <u>THE REMOVAL IS PROCEDURALLY CORRECT</u>

3.1    Defendant Palomar was first served with Plaintiffs' Original Petition and process on August 31, 2016.  By filing its Notice on this day, September 30, 2016, Defendant Palomar files its Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. § 1446(d), promptly after Palomar files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.4    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Palomar files this Notice.

### IV. <u>**CONCLUSION**</u>

4.1     Based on the foregoing, the exhibits submitted in support of this Notice, and

other documents filed contemporaneously with this Notice and fully incorporated herein,

Defendant Palomar Specialty Insurance Company hereby removes this case to this Court

for trial and determination.

<br>

By: ___/s/ Mikell A. West_____
Mikell A. West
Attorney-in-charge
State Bar No. 24070832
Southern Dist. No. 1563058
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
mwest@gnqlawyers.com

**ATTORNEY FOR DEFENDANT
PALOMAR SPECIALTY
INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

## CERTIFICATE OF SERVICE

I certify that on September 30, 2016, a copy of Defendant Palomar Specialty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiffs, Victor Castro and Zenaida Castro.

**Via CM/RRR #7015 0640 0003 8829 7705**
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
StormCase@galindolaw.com

                                        /s/Mikell A. West
                                          Mikell A. West