Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CAUSE NO. CL-16-3151-A

| | | |
|---|---|---|
| VICTOR CASTRO AND ZENAIDA CASTRO, *Plaintiffs,* | § § § § § | IN THE COUNTY COURT |
| v. | § § § | AT LAW NO. _____ |
| PALOMAR SPECIALTY INSURANCE COMPANY AND RICHARD BARKKUME *Defendants.* | § § § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Victor Castro and Zenaida Castro ("Plaintiffs"), and files this *Plaintiffs' Original Petition*, complaining of Palomar Specialty Insurance Company and Richard Barkkume (whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleas that this suit is governed by the expedited-actions process in Texas Rules of Civil Procedure 169.

### PARTIES

2.  Plaintiffs Victor Castro and Zenaida Castro are individuals residing in Hidalgo County, Texas.

3.  Defendant Palomar Specialty Insurance Company (hereinafter referred to as "Palomar") is an insurance company engaging in the business of insurance in the State of Texas. This





Date: ___Sept 26, 2016___
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By: _____
Deputy Clerk

Page 1

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

defendant may be served with process by certified mail, return receipt requested, by serving

its Attorney for Service, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas,

Texas 75201.

4.      Defendant Richard Barkkume (hereinafter referred to as "Barkkume") is an individual who

may be served with personal process by a process server at his place of residence at 10705

Spring Valley Road, Austin, Texas 78737 or wherever he may be found.

## JURISDICTION

5.      The Court has jurisdiction over this cause of action because the amount in controversy is

within the jurisdictional limits of the Court. Plaintiffs seek only monetary relief of

$100,000.00 or less, including damages of any kind, penalties, court costs, expenses,

prejudgment interest and attorney fees.

6.      The Court has jurisdiction over Defendant Palomar because this defendant is an insurance

company that engages in the business of insurance in the State of Texas, and Plaintiffs'

causes of action arise out of this defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant Barkkume because this defendant is a citizen of

the State of Texas and engages in the business of adjusting insurance claims in the State of

Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in

the State of Texas.

## VENUE

8.      Venue is proper in Hidalgo County, Texas, because the insured property is situated in

Hidalgo County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

Date: Sept. 26, 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

## FACTS

9.   Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Palomar. Plaintiffs own the insured property, which is specifically located at 3620 Olga Ave. McAllen, TX 78503, in Hidalgo County (hereinafter referred to as "the Property").

10.  Palomar sold the Policy insuring the Property to Plaintiffs.

11.  On or about March 26, 2015, a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the region, including Plaintiffs' residence.  Plaintiffs' roof sustained extensive hail and/or wind damage during the storm.  Plaintiffs' property also sustained exterior damage during the storm, including but not limited to, the doors, porch, windows, siding, air conditioning unit, fascia and soffit. After the storm, Plaintiffs filed a claim with their insurance company, Palomar, for the damage to their home caused by the hail storm and/or windstorm.  Plaintiffs submitted a claim to Palomar against the Policy for Roof Damage, Hail Damage and Wind Damage sustained as a result of the hail storm and/or windstorm.

12.  Plaintiffs asked that Palomar cover the cost of repairs to the Property pursuant to the Policy.

13.  Defendant Palomar assigned Barkkume as the individual adjuster on the claim.  The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.  This is evident in his report which failed to include all of the damages.  Barkkume both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate.  Ultimately, Barkkume's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained, which failed to include all of Plaintiffs' damages noted upon inspection.



Date:_____Sept. 26, 2016_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
Deputy Clerk

Page 3

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

Barkkume's inadequate investigation of the claim was relied upon by the other Defendants in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

14.     Together, Defendants Palomar and Barkkume set about to deny and/or underpay on properly covered damages.  As a result of these defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

15.     As detailed in the paragraphs below, Palomar wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, Palomar underpaid some of Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

16.     To date, Palomarcontinues to delay in the payment for the damages to the Property.  As such, Plaintiffs have not been paid in full for the damages to their Property.

17.     Defendant Palomarfailed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Palomar's conduct constitutes a breach of the insurance contract between Palomar and Plaintiffs.

Date: Sept 26, 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

18.     Defendants Palomar and Barkkume misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.   Defendants Palomar's and Barkkume's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE § 541.060(a)(1).

19.     Defendants Palomar and Barkkume failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Palomar's and Barkkume's   conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(2)(A).

20.     Defendants Palomar and Barkkume failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.   Specifically, Defendants Palomar , and Barkkume  failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.   Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Palomar's and Barkkume's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(3).

21.     Defendants Palomar and Barkkume failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.   Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Palomar and Barkkume.   Defendants Palomar's and Barkkume's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(4).

Date: _Sept 26, 2016_
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Page 5

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

22.     Defendants Palomar and Barkkume refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Palomar and Barkkume failed to conduct a reasonable investigation.  Specifically, Defendants Palomar and Barkkume performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendants Palomar's and Barkkume's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

23.     Defendant Palomar failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  Palomar's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

24.     Defendant Palomar failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Palomar's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

25.     Defendant Palomar failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.  Palomar's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

Date:  Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Page 6

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

26.     From and after the time Plaintiffs' claim was presented to Defendant Palomar, the liability of Palomar to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Palomar has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Palomar's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     Defendants Palomar and Barkkume knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28.     As a result of Defendants Palomar's and Barkkume's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

29.     Plaintiffs' experience is not an isolated case.  The acts and omissions Palomar committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Palomar with regard to handling these types of claims.  Palomar's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Date: Spt 26, 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

### CL-16-3151-A

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST RICHARD BARKKUME

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### UNFAIR SETTLEMENT PRACTICES

30. Defendant Barkkume's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

31. Defendant Barkkume is individually liable for his unfair and deceptive acts, irrespective of the fact he is acting on behalf of Palomar , because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

32. Defendant Barkkume's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

33. Defendant Barkkume's and unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,



Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Page 8

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

34.    The unfair settlement practice of Defendant Barkkume as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

35.    Defendant Barkkume's settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

36.    Defendant Barkkume's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Date: Sept. 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

### CAUSES OF ACTION AGAINST PALOMAR

37.     Defendant Palomar is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

38.     Defendant Palomar's conduct constitutes a breach of the insurance contract made between Palomar and Plaintiffs.

39.     Defendant Palomar's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Palomar's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### UNFAIR SETTLEMENT PRACTICES

40.     Defendant Palomar's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

41.     Defendant Palomar's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42.     Defendant Palomar's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Palomar's liability under the Policy was reasonably clear, constitutes an unfair method of

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: _____
Deputy Clerk

Page 10

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43.     Defendant Palomar's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44.     Defendant Palomar's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45.     Defendant Palomar's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

THE PROMPT PAYMENT OF CLAIMS

46.     Defendant Palomar's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

47.     Defendant Palomar's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

Date: Sept 26, 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

48.     Defendant Palomar's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

49.     Defendant Palomar's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.     Defendant Palomar's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

51.     Defendant Palomar's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Palomar knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

52.     Defendants Palomar and Barkkume are liable to Plaintiff for common law fraud.

53.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they  did, and which Defendants Palomar and Barkkume  knew were false or made recklessly without any knowledge of their truth as a positive assertion.

Date: Spt 26, 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

54.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

55.     Defendants Palomar and Barkkume are liable to Plaintiffs for conspiracy to commit fraud. Defendants Palomar and Barkkume were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Palomar and Barkkume committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

### KNOWLEDGE

56.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

57.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

58.     As previously mentioned, the damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant Palomar's and Barkkume's mishandling of Plaintiffs' claim in violation of the laws set forth above.



Date: _____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

59.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

60.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

61.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

62.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

63.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

64.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the below signed attorneys.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Date: Sept 26, 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-3151-A

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully Submitted,

Cristobal M. Galindo, P.C

_____

Cristobal M. Galindo
Texas Bar No.  24026128
4151 Southwest Freeway, Suite 602
Houston, Texas  77027
T: 713.228-3030 / F: 713.228-3003
E-Mail: StormCase@galindolaw.com
**ATTORNEY FOR PLAINTIFFS**

Date: Spt 26, 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Electronically Submitted
8/10/2016 3:03:23 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __CL-16-3151-A__    COURT *(FOR CLERK USE ONLY):* _____

STYLED __VICTOR CASTRO AND ZENAIDA CASTRO V. PALOMAR SPECIALTY INSURANCE COMPANY AND RICHARD BARKKUME__
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

Name: CRISTOBAL GALINDO
Email: Stormcase@galindolaw.com

Address: 4151 SW FREEWAY, STE 602
Telephone: 713-228-3030

City/State/Zip: HOUSTON, TEXAS 77027
Fax: 713-228-3003

Signature: Cristobal Galindo
State Bar No: 24026128

Plaintiff(s)/Petitioner(s):
VICTOR CASTRO
ZENAIDA CASTRO

Defendant(s)/Respondent(s):
PALOMAR SPECIALTY INS. CO.
RICHARD BARKKUME

[Attach additional page as necessary to list all parties]

Person or entity completing sheet is:
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☒ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | **Title IV-D** |
| | ☐ Legal | ☐ Other Property: | | ☐ Enforcement/Modification |
| *Foreclosure* | ☐ Medical | | | ☐ Paternity |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | ☐ Reciprocals (UIFSA) |
| ☐ Other Foreclosure | Liability: | **Related to Criminal Matters** | | ☐ Support Order |
| ☐ Franchise | | ☐ Expunction | **Other Family Law** | |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Enforce Foreign | **Parent-Child Relationship** |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Non-Disclosure | Judgment | ☐ Adoption/Adoption with |
| ☐ Non-Competition | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Habeas Corpus | Termination |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— | ☐ Name Change | ☐ Child Protection |
| ☐ Other Contract: | ☐ Other Product Liability | Pre-indictment | ☐ Protective Order | ☐ Child Support |
| | List Product: | ☐ Other: | ☐ Removal of Disabilities | ☐ Custody or Visitation |
| | | | of Minority | ☐ Gestational Parenting |
| | ☐ Other Injury or Damage: | | ☐ Other: | ☐ Grandparent Access |
| | | | | ☐ Parentage/Paternity |
| | | | | ☐ Termination of Parental |
| | | | | Rights |
| **Employment** | **Other Civil** | | | ☐ Other Parent-Child: |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony | | |
| ☐ Termination | Competition | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Foreign Judgment | ☐ Other: | | |
| | ☐ Intellectual Property | | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Dated: Sept 26, 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____ Deputy Clerk

Rev 2/13

Electronically Submitted
8/12/2016 1:07:52 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

DOCKET NO. CL-16-3151-A

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

    To:    RICHARD BARKKUME
           10705 SPRING VALLEY ROAD
           AUSTIN, TEXAS 78737 / OR
           WHEREVER HE MAY BE FOUND.

GREETING:

    YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #1 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

    Said Plaintiff's Petition was filed in said Court, on the 10th day of August, 2016 in this Cause Numbered CL-16-3151-A on the docket of said Court, and styled,

**VICTOR CASTRO; ZENAIDA CASTRO**
vs.
**PALOMAR SPEVIALTY INSURANCE COMPANY; RICHARD BARKKUME**

    The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

    NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
           CRISTOBAL M. GALINDO
           4151 SOUTHWEST FREEWAY SUITE 602
           HOUSTON TX 77027

    The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

    ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 12th day of August, 2016.

                ARTURO GUAJARDO, JR.
                COUNTY CLERK, HIDALGO COUNTY, TEXAS
                100 N. CLOSNER
                EDINBURG, TEXAS 78539
                County Court at Law #1

                BY _Ester C. Espinoza_ DEPUTY
                ESTER C. ESPINOZA

                Date: Sept 26, 2016
                I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
                By: _____
                        Deputy Clerk

Electronically Submitted
8/12/2016 1:07:52 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____ , 20 _____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

     NAME _____ DATE _____ TIME _____ PLACE _____

     By: _____      By: _____
              CIVIL PROCESS SERVER                       DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

     NAME _____ DATE _____ TIME _____ PLACE _____

     NAME _____ DATE _____ TIME _____ PLACE _____

     NAME _____ DATE _____ TIME _____ PLACE _____

     By; _____      By: _____
              CIVIL PROCESS SERVER                       DEPUTY SHERIFF/CONSTABLE

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 201____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Date: Sept 26 2014
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk

Electronically Submitted
8/12/2016 1:07:52 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

DOCKET NO. CL-16-3151-A

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:     PALOMAR SPEVIALTY INSURANCE COMPANY
        C/O CT CORPORATION SYSTEM
        1999 BRYAN STREET STE 900
        DALLAS, TEXAS 75201

GREETING:

        YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #1 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

    Said Plaintiff's Petition was filed in said Court, on the 10th day of August, 2016 in this Cause Numbered CL-16-3151-A on the docket of said Court, and styled,

**VICTOR CASTRO; ZENAIDA CASTRO**
vs.
**PALOMAR SPEVIALTY INSURANCE COMPANY; RICHARD BARKKUME**

        The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

        NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
                CRISTOBAL M. GALINDO
                4151 SOUTHWEST FREEWAY, SUITE 602
                HOUSTON, TEXAS 77027

        The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

        ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 12th day of August, 2016.

                            ARTURO GUAJARDO, JR.
                            COUNTY CLERK, HIDALGO COUNTY, TEXAS
                            100 N. CLOSNER
                            EDINBURG, TEXAS 78539
                            County Court at Law #1

                            BY _____ DEPUTY
                                ESTER C. ESPINOZA

                            Date: Sept 26, 2016
                            I, Arturo Guajardo, Jr. County Clerk do
                            hereby certify that this is a true and
                            correct copy of the original document
                            filed in my office.
                            By: _____
                                Deputy Clerk

Electronically Submitted
8/12/2016 1:07:52 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____ , 20 ____, at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____     By: _____
     CIVIL PROCESS SERVER              DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____     By: _____
     CIVIL PROCESS SERVER              DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 201____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Date: _Sept 26, 2016_
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
     Deputy Clerk

O.B. 165054

Electronically Submitted
9/2/2016 4:29:04 PM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez
Hidalgo County Clerks Office
Accepted by: Norma Harlow

DOCKET NO. CL-16-3151-A

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:    PALOMAR SPEVIALTY INSURANCE COMPANY
       C/O CT CORPORATION SYSTEM
       1999 BRYAN STREET STE 900
       DALLAS, TEXAS 75201

GREETING:

    YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #1 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 10th day of August, 2016 in this Cause Numbered CL-16-3151-A on the docket of said Court, and styled,

**VICTOR CASTRO; ZENAIDA CASTRO**
vs.
**PALOMAR SPEVIALTY INSURANCE COMPANY; RICHARD BARKKUME**

    The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

    NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        CRISTOBAL M. GALINDO
        4151 SOUTHWEST FREEWAY, SUITE 602
        HOUSTON, TEXAS 77027

    The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

    ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 12th day of August, 2016.

                    ARTURO GUAJARDO, JR.
                    COUNTY CLERK, HIDALGO COUNTY, TEXAS
                    100 N. CLOSNER
                    EDINBURG, TEXAS 78539
                    County Court at Law #1

                    BY _Ester C. Espinoza_ DEPUTY
                         ESTER C. ESPINOZA

Date: _Spt 26, 2016_
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
    Deputy Clerk

Electronically Submitted
9/2/2016 4:29:04 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
      Came to hand on the _____ day of _____ , 20 ____ , at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

      Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true
copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the
following
Date, time, and place, to-wit:

      NAME _____ DATE _____ TIME _____ PLACE _____

      By: _____          By: _____
              CIVIL PROCESS SERVER                        DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
      Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but
to no avail:

      NAME _____ DATE _____ TIME _____ PLACE _____

      NAME _____ DATE _____ TIME _____ PLACE _____

      NAME _____ DATE _____ TIME _____ PLACE _____

      By; _____          By: _____
              CIVIL PROCESS SERVER                        DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return
is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the
penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ___ day of _____ , 201____ .


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number


Date: __Sept 26, 2016__
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
                    Deputy Clerk

Electronically Submitted
9/2/2016 4:29:04 PM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

**CAUSE NUMBER: CL-16-3151-A**

VICTOR CASTRO AND ZENAIDA
CASTRO
PLAINTIFF

VS.

PALOMAR SPECIALTY INSURANCE
COMPANY AND RICHARD BARKKUME
DEFENDANT

IN THE COUNTY CIVIL COURT AT LAW
NO. ONE (1) OF HIDALGO COUNTY,
TEXAS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Tuesday August 30, 2016 AT 08:46 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, came to hand for service upon **PALOMAR SPECIALTY INSURANCE COMPANY C/O CT CORPORATION SYSTEM**.

On **Wednesday August 31, 2016 at 01:08 PM** - The above named documents were delivered to: **PALOMAR SPECIALTY INSURANCE COMPANY C/O CT CORPORATION SYSTEM @ 1999 BRYAN, ST STE 900, DALLAS, DALLAS COUNTY TX 75201, U.S.A.** by **Corporate Service**. By delivering to to Beatrice Casarez-Barrientez, authorized to accept.

**FURTHER AFFIANT SAYETH NOT.**

D'ANN WATHEN
SCH#6622 EXP 06/30/19

SWORN TO AND SUBSCRIBED before me by **D'ANN WATHEN** appeared on this _2_ day of _September_, 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2016.08.165054

MERCEDEZ M TRISTAN
My Commission Expires
November 14, 2016

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
Deputy Clerk

08: 16505 7

Electronically Submitted
8/12/2016 1:07:52 PM
Hidalgo County Clerks Office
9/8/2016 11:30:10 Accepted by: Norma Harlow
Electronically Submitted
Accepted by: Ester Espinoza
Hidalgo County Clerks Office

DOCKET NO. CL-16-3151-A

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:   RICHARD BARKKUME
      10705 SPRING VALLEY ROAD
      AUSTIN, TEXAS 78737 / OR
      WHEREVER HE MAY BE FOUND.

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #1 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 10th day of August, 2016 in this Cause Numbered CL-16-3151-A on the docket of said Court, and styled,

**VICTOR CASTRO; ZENAIDA CASTRO**
vs.
**PALOMAR SPEVIALTY INSURANCE COMPANY; RICHARD BARKKUME**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
      CRISTOBAL M. GALINDO
      4151 SOUTHWEST FREEWAY SUITE 602
      HOUSTON TX 77027

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 12th day of August, 2016.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
County Court at Law #1

BY _Ester C. Espinoza_ DEPUTY
ESTER C. ESPINOZA

Date: _Sept 26 2016_
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/8/2016 11:30:10 AM
Hidalgo County Clerks Office
Accepted by: Esmeralda
Hidalgo County Clerks Office
Accepted by: Norma Harlow

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN

    Came to hand on the _____ day of _____ , 20 _____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____       By: _____
      CIVIL PROCESS SERVER                                DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**

    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____       By: _____
      CIVIL PROCESS SERVER                                DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____ , my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 201_____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: _____
    Deputy Clerk

Electronically Submitted
9/8/2016 11:30:10 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

## CAUSE NO. CL-16-3151-A

**VICTOR CASTRO AND ZENAIDA
CASTRO**

**VS.**                                           **HIDALGO COUNTY COURT AT LAW #1**

**PALOMAR SPECIALTY
INSURANCE COMPANY AND
RICHARD BARKKUME**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Mike Gallo_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Mike Gallo_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _4106 Tyx Trail, Spicewood, Texas 78669_
(SERVER'S ADDRESS)

2. ON _August 31, 2016_ (DATE) AT _10_ : _34_ (_A_) M (TIME)
CITATION, PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to RICHARD BARKKUME.

3. ON _August 31, 2016_ (DATE) AT _6_ : _51_ (_P_) M (TIME) - The above named documents were delivered to: RICHARD BARKKUME at:
_10705 Spring Valley Road, Austin, Texas, 78737_
(ADDRESS), by PERSONAL Service

_Mike Gallo_
SIGNATURE
SCH# _1630_ EXPIRATION: _11/30/17_

_Mike Gallo_
AFFIANT PRINTED NAME

**SWORN TO AND SUBSCRIBED** before me by _Mike Gallo_ appeared on this _31_ day of _August 2016_
2016 to attest witness my hand and seal of office.

_Suzanne Gallo_
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2016.08.165057

SUZANNE GALLO
Notary Public, State of Texas
Comm. Expires 04-06-2020
Notary ID 130609117

Date: _Sept 26, 2016_
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _Valin Ortega_
Deputy Clerk

Electronically Submitted
9/26/2016 9:04:01 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CAUSE NO. CL-16-3151-A

| | | |
|---|---|---|
| VICTOR CASTRO AND ZENAIDA CASTRO | § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW NUMBER 1 |
| PALOMAR SPECIALTY INSURANCE COMPANY AND RICHARD BARKKUME | § § § § | HIDALGO COUNTY, TEXAS |

**DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S**
**ORIGINAL ANSWER AND PLEA IN ABATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PALOMAR SPECIALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiffs' Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Original Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

a. that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

Date: Sept 26, 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 9:04:01 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

b.      that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

## PLEA IN ABATEMENT

A.      In Plaintiffs' Original Petition, Plaintiffs have alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154 (Vernon Supp. 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action, if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE § 541.155 (Vernon Supp 2005).

B.      Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.      Accordingly, Defendant is entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 9:04:01 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

5.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant go hence with its costs

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 9:04:01 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
717 Everhart, Suite A
Corpus Christi, Texas 78411
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 9:04:01 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the $\underline{26^{Th}}$ day of September, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
Email: stormcase@galindolaw.com

**VIA E-FILING**

Thomas F. Nye
Thomas F. Nye

Date: **Sept 26, 2016**
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:
Deputy Clerk

Electronically Submitted
9/26/2016 9:04:01 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

<u>VERIFICATION OF R. TRAVIS MILLER</u>

| | |
|---|---|
| THE STATE | § |
| | § |
| OF TEXAS | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared R. Travis Miller, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is R. Travis Miller. I am an Authorized Agent for Palomar Specialty Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4B of Defendant's Answer and it is true and correct."

Further affiant sayeth not.

R. Travis Miller, Authorized Agent for
Palomar Specialty Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the _23_ day of September, 2016, to witness my hand and official seal of office.

Notary Public in and for
the State of Texas

CASTRO, VICTOR/PSIC - D OA & PIA -- PSIC - PAGE 6 OF 6

Date: _Sept 26, 2016_
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 9:04:01 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CAUSE NO. CL-16-3151-A

| | | |
|---|---|---|
| VICTOR CASTRO AND ZENAIDA CASTRO | § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW NUMBER 1 |
| PALOMAR SPECIALTY INSURANCE COMPANY AND RICHARD BARKKUME | § § § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, PALOMAR SPECIALTY INSURANCE COMPANY, Defendant in the above-referenced cause, and demands a trial by jury and hereby deposits its Forty Dollars ($40) jury fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 9:04:01 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 26ᵗʰ day of September, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
Email: stormcase@galindolaw.com

**VIA E-FILING**

Thomas F. Nye

CASTRO, VICTOR/PSIC - JD – PSIC - PAGE 2 OF 2

Date: Sept 26 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 11:06:49 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CAUSE NO. CL-16-3151-A

| | | |
|---|---|---|
| VICTOR CASTRO AND ZENAIDA CASTRO | § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW NUMBER 1 |
| PALOMAR SPECIALTY INSURANCE COMPANY AND RICHARD BARKKUME | § § § | HIDALGO COUNTY, TEXAS |

## DEFENDANT RICHARD BARKKUME'S
## ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RICHARD BARKKUME, Defendant in the above-styled and numbered cause, and make and files this, his Original Answer in reply to Plaintiffs' Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Original Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

    a.     that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

    b.     that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____ Deputy Clerk

Electronically Submitted
9/26/2016 11:06:49 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

## PLEA IN ABATEMENT

A.     In Plaintiffs' Original Petition, Plaintiffs have alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154 (Vernon Supp. 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action, if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE § 541.155 (Vernon Supp 2005).

B.     Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.     Accordingly, Defendant is entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

CASTRO, VICTOR/PSIC - D OA & PIA – BARKKUME - PAGE 2 OF 8

Date: Sept 26, 2024
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 11:06:49 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant go hence with his costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show himself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
717 Everhart, Suite A
Corpus Christi, Texas 78411
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 11:06:49 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS   FOR   DEFENDANT   RICHARD
BARKKUME

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 26Th day of September, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
Email: stormcase@galindolaw.com

**VIA E-FILING**

Thomas F. Nye

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 11:06:49 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

## VERIFICATION OF RICHARD BARKKUME

THE STATE                                    §
                                             §
OF TEXAS                                     §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day

personally appeared Richard Barkkume, known to me to be the person whose name is subscribed

hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Richard Barkkume.  I am over the age of 18 years, am competent and

authorized to testify herein and have personal knowledge of the facts herein.  I have read Paragraph

4B of Defendant's Answer and it is true and correct."

Further affiant sayeth not.

_____
Richard Barkkume

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the _26_ day of September,

2016, to witness my hand and official seal of office.

_____
Notary Public in and for
the State of Texas

HOWARD F. CLARKE
NOTARY PUBLIC
STATE OF TEXAS
NOTARY ID 128935725
COMM. EXP. 11-21-2017

Date: _Sept 26, 2016_
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
Deputy Clerk

COUNTY COURT
COUNTY OF HIDALGO, TEXAS

CASTRO, VICTOR/PSIC - D OA & PIA – BARKKUME - PAGE 5 OF 5

Electronically Submitted
9/26/2016 11:06:49 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CAUSE NO. CL-16-3151-A

| | | |
|---|---|---|
| VICTOR CASTRO AND ZENAIDA CASTRO | § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW NUMBER 1 |
| PALOMAR SPECIALTY INSURANCE COMPANY AND RICHARD BARKKUME | § § § § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, RICHARD BARKKUME, Defendant in the above-referenced cause, and demands a trial by jury. The fee has been previously paid by the Co-Defendant.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT RICHARD BARKKUME

Date: Sept 26, 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Electronically Submitted
9/26/2016 11:06:49 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the _26th_ day of September, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
Email: stormcase@galindolaw.com

**VIA E-FILING**

_____
Thomas F. Nye

Date: Sept 26, 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk